| | | |
|---|---|---|
| **DWAYNE ALEXANDER** | * | **NO. 2023-CA-0216** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **BLUE WILLIAMS, L.L.P., ET AL.** | * | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-05452, DIVISION "C"
Honorable Sidney H. Cates, Judge
\* \* \* \* \* \*
**Judge Rachael D. Johnson**
\* \* \* \* \* \*
(Court composed of Chief Judge Terri F. Love, Judge Sandra Cabrina Jenkins, Judge Rachael D. Johnson)


Dwayne Alexander
1515 Salcedo Street, Unit 212
New Orleans, LA 70125


COUNSEL FOR PLAINTIFF/APPELLANT


Debra J. Fischman
James M. Garner
Brandon W. Keay
Ryan O. Luminais
SHER GARNER CAHILL RICHTER KLEIN & HILBERT, L.L.C.
909 Poydras Street
Suite 2800
New Orleans, LA 70112-1033

Michael Louis Fantaci
James C. Raff
Deborah A. Villio
LEBLANC FANTACI VILLIO, L.L.C.
3421 North Causeway Boulevard
Suite 201
Metairie, LA 70002

Jeff Landry, Attorney General
LOUISIANA DEPARTMENT OF JUSTICE
P. O. Box 94005
Baton Rouge, LA 70804-9005


COUNSEL FOR DEFENDANT/APPELLEE


**AFFIRMED**
**JULY 31, 2024**

RDJ
TFL
SCJ

Dwayne Alexander appeals the district court's judgment denying his Motion to Vacate or Set Aside summary judgment. For the following reasons, we affirm the trial court's judgment.

## FACTS AND PROCEDURAL HISTORY

### Background

This case involves protracted litigation with several intertwined lawsuits. For clarity and completeness, we will provide some background of the relevant cases before turning to the merits of the instant appeal. Dwayne Alexander ("Alexander"), appellant, worked as a licensed private investigator from 1997 to 2006. When his license expired in 2006 he did not renew it. While his license was active, Alexander did private investigation work for the City of New Orleans ("the City") and Cannon Cochran Management Services, Inc. ("CCMSI"), which is a third party claims administrator for the City. On February 16, 2009, Louisiana Board of Private Investigator Examiners ("the Board") received a complaint from Wayne Centanni ("Centanni"), a private investigator. Centanni stated in his letter to the Board that Alexander had conducted private investigation work with CCMSI without having a valid private investigator license. The letter was accompanied by

1

a binder that included personal and professional information regarding Alexander. Based on this information, the Board issued a cease and desist order to Alexander ordering him to stop his private investigation practice. The Board's chairman, Annette Kovac ("Kovac"), signed the cease and desist order and the Board's executive director, James "Pat" Englade ("Englade"), delivered the order to Alexander. In response, Alexander filed suit against Centanni and his company, Centanni Investigative Agency ("CIA") for unfair trade practices and damages. Alexander claimed that Mr. Centanni and his agency tried to drive Alexander out of business. After some discovery, each party filed a special motion to strike pursuant to La. C.C.P. art. 971. The trial court granted the motions and dismissed Alexander's claims against Centanni and CIA on October 16, 2013.

On January 14, 2013, Alexander filed suit against Englade and the Board for defamation, civil rights violations, abuse of process, and intentional infliction of emotional distress. Alexander alleged that Englade and the Board issued a wrongful cease and desist order, which resulted in him losing contracts with the City and CCMSI. On December 18, 2014, the jury returned a verdict finding that the cease and desist order was false and defamatory. The jury found that Englade and the Board were liable for defamation and abuse of process but were not liable for civil right violations and intentional infliction of emotional distress. The jury awarded Alexander $300,000 in damages. On appeal, this Court found that Alexander's claims based on events that happened prior to 2011 had prescribed and Alexander's abuse of process claim had also prescribed. However, the prescribed claims did not affect the $300,000 damage award and the other aspects of the trial court's judgment.

*Present Case*

On January 9, 2015, Alexander filed a petition against Englade and Centanni to annul the 2013 judgment because Englade and the Board produced a false affidavit. The false affidavit in question was the cease and desist order that was deemed false and defamatory by the jury in the 2013 case. Alexander also included David Parnell Jr. ("Parnell") in the lawsuit, an attorney who worked for Blue Williams, LLP and represented Alexander in the 2009 lawsuit. Englade, Centanni, and Parnell filed a motion for summary judgment with the trial court to dismiss Alexander's petition but it was denied. In response, they filed a joint writ application asking this Court to review the trial court's denial of summary judgment. In that joint writ application, the aforementioned cease and desist order was attached. This Court denied the joint writ application but the 2015 lawsuit was eventually dismissed by the trial court and that dismissal was affirmed by this Court. *Alexander v. Centanni, et al.*, 17-0162 (La. App. 4 Cir. 3/29/17) (*unpub.*); *Alexander v. Centanni*, 20-0321, 16 (La. App. 4 Cir. 1/27/21), 365 So. 3d 533, 544.

On June 6, 2017, Alexander filed suit against eleven defendants.[1] In that lawsuit, Alexander alleges that it was defamation for the cease and desist order to be attached to the joint writ application in 2015. During this case, the trial court granted motions for summary judgment by Blue Williams, Burglass, Annette Kovac, and Deutsch Kerrigan, sustained an exception of privilege filed by Blue Williams and Burglass, and sustained an exception of no cause of action filed by Burglass and the Board. Alexander appealed and this Court affirmed, in part, the

---

[1] The eleven defendants are Blue Williams, LLP and their two attorneys, Thomas Buck and David Parnell, Jr. (represented Centanni in the 2009 lawsuit); Burglass & Tankersley and their two attorneys, Dennis J. Phayer and Elizabeth Doubleday (represented Englade in 2015); Deutsch Kerrigan, LLP and its one attorney, Nancy Marshall (represented Parnell in the 2015 lawsuit); James Englade and the Louisiana State Board of Private Investigator Examiners; and Annette Kovac.

motions for summary judgment filed by Blue Williams and Burglass, but reversed, in part, the motion for summary judgment by Deutsch Kerrigan and Kovac.[2] This Court also reversed, in part, the peremptory exception of no cause of action filed by Burglass and The Board.[3]

After this court's judgment in 2017, both Kovac and Deutsch Kerrigan refiled their motions for summary judgment on August 9, 2017, and September 12, 2017, respectively. Neither summary judgment motion was set for hearing and the case was transferred out of Division "N" to Division "I" of the district court. After transfer to Division "I", Appellees Englade and the Board filed their motions for summary judgment to dismiss Alexander's claims on October 4, 2019. Kovac refiled her summary judgment motion on October 30, 2019, and Deutsch Kerrigan filed their motion to reset hearing for their summary judgment motion on December 23, 2019. All summary judgment motions were granted by the trial court in 2020[4] and Alexander's claims against them were dismissed. The notice of signing the Kovac, Englade, and the Board's judgment were signed and mailed on February 6, 2020, and February 7, 2020, respectively. A notice of signing of judgment was not sent to Deutsch Kerrigan.

On March 16, 2022, Alexander filed another motion to vacate the summary judgments granted in favor of Appellee's Kovac, Deutsch Kerrigan, and Englade and the Board. In response, Kovac filed a *Dilatory Exception of Unauthorized Use*

---

[2] The Summary Judgment was reversed for lack of proper service on Alexander.
[3] The peremptory exception of no cause of action was reversed because this court found that Alexander pled sufficient facts to satisfy the heightened pleading standard and withstand a qualified privilege defense.
[4] Kovac, Englade, and the Board had their motion for summary judgment heard on January 24, 2020. Kovac's motion for summary judgment was granted on February 6, 2020 and Englade and the Board's motion for summary judgment was granted on February 7, 2020. Deutsch Kerrigan's motion for summary judgment was heard on July 31, 2020 and was granted on August 18, 2020. Alexander's motion to vacate or set aside the summary judgment in favor of Kovac, Englade, and the Board was also heard on July 21, 2020 but was denied on August 18, 2020.

*of Summary Proceeding* on March 22, 2022; Deutsch Kerrigan filed a *Dilatory Exception of Unauthorized Use of Summary Proceeding and Prematurity* on April 29, 2022; and Englade and the Board filed *Exceptions to Mr. Alexander's Alternative Petitions to Vacate Summary Judgments* on April 29, 2022. On September 29, 2022, the district court granted the motions in favor of the Appellees and dismissed Alexander's motion to vacate summary judgments without prejudice. Deutsch Kerrigan also filed Peremptory *Exceptions of No Cause of Action, No Right of Action, And Improper Service and Citation* on August 26, 2022. These exceptions were sustained by the district court on January 19, 2023.[5]

The notice of signing of judgment for Deutsch Kerrigan's 2020 judgment was mailed on January 31, 2023.[6]  This notice of signing of judgment includes granting Deutsch Kerrigan's *Motion for Summary Judgment*, denying Alexander's *Motion to Vacate or Set Aside Judgments* of Kovac's summary judgment granted on February 6, 2020, and denying Alexander's *Motion to Vacate or Set Aside Summary Dismissal* of Englade and the Board's summary judgment granted on February 7, 2020.[7] On February 15, 2023, Alexander filed his appeal of the following judgments: Deutsch Kerrigan's *Motion for Summary Judgment* and *Exceptions of No Cause of Action, No Right of Action, And Improper Service and Citation*; Denial of Alexander's *Motion to Vacate or Set Aside Judgments* of Kovac's summary judgment granted on February 6, 2020; and Denial of Alexander's *Motion to Vacate or Set Aside Summary Dismissal* of Englade and The Board's summary judgment granted on February 7, 2020.

---

[5] The exception of no cause of action and improper service and citation was sustained. The exception of no right of action was deemed moot.

[6] The delayed notice of signing was related to the office transition after Judge Griffin was elected to the Louisiana Supreme Court.

[7] A motion to stay application for supervisory writ pending contradictory hearing was also denied but Alexander did not appeal this ruling.

## **DISCUSSION**

### **Motion to Vacate Judgment**

The district court's August 18, 2020 Judgment denying Alexander's motion to vacate and motion to stay are the subject of the current appeal. However, Alexander does not address the district court's denial of the motion to vacate or set aside judgments in his brief. Alexander only addresses the district court granting the motion for summary judgment and sustaining the exception of no right of action in favor of Deutsch Kerrigan.[8] Rule 2-12.4(B)(4) of Uniform Rules of Louisiana Courts of Appeal states "[a]ll assignments of error and issues for review shall be briefed. The court may deem as abandoned any assignment of error or issue for review which has not been briefed." Therefore, Alexander's appeal regarding the denial of his motion to vacate and motion to stay is deemed abandoned and therefore dismissed.

### **Motion for Summary Judgment**

Alexander's briefing focuses on the district court's February 6, 2020 judgment granting summary judgment in favor of Englade, the Board and Kovac. This judgment is not before this court and any appeal of this judgment is untimely. A suspensive appeal may be taken, with security furnished, only within thirty days of the expiration for applying for a new trial or judgment notwithstanding the verdict, or the date of mailing the notice of the court's refusal to grant a new trial or judgment notwithstanding the verdict. La. C.C.P. art. 2123. For a devolutive appeal, the appeal may be taken only within sixty days of the expiration for

---

[8] While this case was pending, on November 16, 2023, Alexander and Deutsch Kerrigan filed a joint motion to dismiss. Both parties reached a resolution to resolve all pending litigation among and between them. Therefore, we only discuss the motion to vacate or set aside judgment as it pertains to Kovac and the motion to vacate or set aside summary dismissal as it pertains to Englade and the Board.

applying for a new trial or judgment notwithstanding the verdict, or the date of mailing the notice of the court's refusal to grant a new trial or judgment notwithstanding the verdict. La. C.C.P. art. 2087.

The notice of signing of judgment for Kovac's summary judgment motion was mailed and signed on February 6, 2020. The notice of signing of judgment for Englade and The Board's summary judgment motion was mailed and signed on February 7, 2020. This appeal was not filed until February 15, 2023, extending well past the deadline to file a suspensive or devolutive appeal for both of the notice of signing of judgment's issued. Alexander's appeal regarding the district court's judgment granting summary judgment in favor of Defendant's Englade, the Board, and Kovac is untimely and as such, dismissed.

## **DECREE**

For the foregoing reasons, we affirm the trial court's denial of Alexander's motion to vacate and set aside appellee's summary judgments.

**AFFIRMED**